UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA FLORY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VESTRA LABS LLC, an Arizona limited liability company, et al.,<br><br>　　　　Defendants. | No.  1:23-cv-00456-ADA-SAB<br><br>ORDER TO SHOW CAUSE CONCERNING SUBJECT-MATTER JURISDICTION<br><br>(ECF No. 1) |

　　　　On March 29, 2023, Defendant Vestra Labs LLC, an Arizona limited liability company, filed a Notice of Removal from the Superior Court of Calavera County.  (ECF No. 1.)  While the Complaint filed by Plaintiff Melissa Flory never mentions federal subject matter jurisdiction over the purported claims, the Notice of Removal alleges that this Court has jurisdiction over this action under the diversity statute, 28 U.S.C. § 1332.  (ECF No. 1 at 7–8.)

　　　　Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction over certain actions between citizens of different states.  Complete diversity is a requirement of 28 U.S.C. § 1332.  Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  For diversity purposes, the citizenship of an individual is "determined by her state of domicile, not her state of residence."  *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Corporations are citizens of their states of

incorporation and their principal places of business. 28 U.S.C. § 1332(c); *see Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). A limited liability company ("LLC"), however, is the citizen of every state where its owners or members are citizens, regardless of its state of formation or principal place of business; the citizenship of all of its members must be alleged. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611–12 (9th Cir. 2016). The burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It may do so *sua sponte*. *See Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981).

Here, the Notice of Removal alleges that "Defendant has been a limited liability company organized under the laws of Arizona with its principal place of business in Arizona." (ECF No. 1 at 8.) The Notice fails to allege the citizenship of the LLC Defendant's owners; it does not even name the complete list of owners of the LLC Defendant. Furthermore, the 17 causes of action in the Complaint appear to arise under California labor law. (ECF No. 1 at 37-53.) The Complaint does not appear to assert any federal claims; thus, federal question jurisdiction does not arise. *See* 28 USC 1331.

Accordingly,

1. Within fourteen days of the issuance of this order, Defendant shall show cause in writing why this action should not be dismissed for lack of subject-matter jurisdiction.
2. Alternatively, within fourteen days, Plaintiff may either file amended pleadings that contain allegations addressing the Court's jurisdiction and the issues identified in this order or may voluntarily dismiss her actions.
3. The parties are warned that if they fail to comply with this order, the Court may dismiss their claims due to lack of jurisdiction.

IT IS SO ORDERED.

Dated:   June 1, 2023                              _____
                                                   UNITED STATES DISTRICT JUDGE

2