# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA FLORY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VESTRA LABS LLC,<br><br>　　　　Defendant. | Case No. 1:23-cv-00456-KES-SAB<br><br>ORDER DENYING MOTION FOR WITHDRAWAL AS COUNSEL FOR DEFENDANT WITHOUT PREJUDICE<br><br>VACATING HEARING SET FOR JULY 2, 2024<br><br>ORDER DIRECTING CLERK OF COURT TO TRANSFER CASE TO SACRAMENTO DIVISION FOR REASSIGNMENT UNDER AMENDED LOCAL RULE 120<br><br>(ECF No. 14) |

　　Currently before the Court is a motion by counsel Benjamin M. Gipson, Ryan M. Estes, and Elias Parisca ("Movants") to withdraw as counsel of record for Defendant Vestra Labs LLC ("Defendant"). (ECF No. 14.) The Court finds this matter suitable for decision without oral argument. See Local Rule 230(g). Having considered the motion, the declaration attached thereto, and the Court's file, the motion to withdraw as counsel is denied without prejudice.

**I.**

**BACKGROUND**

　　Plaintiff filed this action in the Superior Court of California, County of Calaveras, Case No. 23CV46596 on February 15, 2022. (ECF No. 1 at 17.) On March 28, 2023, Defendant answered the complaint. (Id. at 75-88.) On March 29, 2023, Defendant removed the action to this

1

1  Court.  (Id.)  The Court held a scheduling conference in this matter on June 20, 2023.  (ECF No.
2  10.)

3        On May 3, 2024, Movants filed the instant motion to withdraw as attorneys for Defendant.
4  (ECF No. 14.)  No opposition was filed and the time to do so has expired.

## II.

## LEGAL STANDARD

7        Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar
8  of California, and the Local Rules for the United States District Court, Eastern District of
9  California.  See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-CV-
10 00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).

11       The California Rules of Professional Conduct provide that if the rules of a court require
12 permission for an attorney to withdraw, the attorney may not withdraw from employment in a
13 proceeding without the permission of such court.  Cal. R. Prof. Conduct 1.16(c).  In addition,
14 counsel must take reasonable steps to avoid prejudicing the rights of the client, including
15 providing notice, allowing time for the client to employ other counsel, and complying with
16 applicable laws and rules.  Cal. R. Prof. Conduct 1.16(d).

17       The Local Rules provide that an attorney who has appeared on behalf of a client may not
18 withdraw, leaving the client *in propria persona*, without leave of court upon noticed motion, along
19 with notice to the client and all other parties who have appeared.  L.R. 182(d).  The attorney is
20 also required to "provide an affidavit stating the current or last known address or addresses of the
21 client and the efforts made to notify the client of the motion to withdraw."  Id.  Likewise,
22 California's Rules of Court require notice of a motion to withdrawal to be served on the client and
23 other parties who have appeared in the action.  Cal. R. Court 3.1362(d).

24       It is within the Court's discretion whether to grant withdrawal.  L.S. ex rel. R.S., 2012 WL
25 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009 U.S.
26 Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)).  "Factors the Court may consider include: (1)
27 the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to
28 the administration of justice, and (4) delay to the resolution of the case caused by withdrawal."  Id.

Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

## III.

## DISCUSSION

### A.     Motion to Withdraw

Movants request withdrawal because Defendant—a limited liability company—has ceased all business operations and "no mutually acceptable agreement on payment of legal fees and expenses has been reached between" Defendant and Movants. (ECF No. 14 at 4-5.) Movants also contend the continued representation of Defendant in light of the "substantial unpaid balance of legal fees and costs would result in an unreasonable financial burden on Movants." (Id. at 5.) Movants refrain from proffering any further context because the specific facts are confidential. (Id.) Movants further argue that withdrawal can be accomplished without material adverse effect on either Plaintiff or Defendant and will not unduly burden Defendant or the administration of justice. (Id. at 5, 6.) Movants proffer that Plaintiff and Defendant have notice of the instant motion and Defendant consents to the withdrawal. (Id. at 5.)

As a threshold matter, Movants aver that a status conference was held in this action on April 20, 2024 wherein the Court "continued a stay on this matter pending the outcome of mediation," which is set for July 11, 2024. (ECF No. 14 at 3.) However, no status conference was held in this action on Saturday, April 20, 2024. Further, no order has been issued by the Court staying this matter.

It appears Movants' primary reason for seeking withdrawal is Movants' and Defendant's failure to come to an agreement regarding payment of legal fees and expenses, including a current "substantial unpaid balance." (See ECF No. 14 at 4-5.) Movants correctly note that some courts recognize that a client's failure to pay attorney's fees may constitute good cause for withdrawal. See Advanced Steel Recovery, LLC v. X-Body Equip., Inc., No. 2:16-cv-00148-KJM-EFB, 2019 WL 5063460, at *2 (E.D. Cal. Oct. 9, 2019). However, the Court is not persuaded by Movants' unsupported argument that continued representation of Defendant would "result in an unreasonable financial burden on Movants" (ECF No. 15 at 5) because "prejudice to a party's

1 counsel is not one of the factors traditionally weighed by courts in considering motions to
2 withdraw." McNally v. Eye Dog Found. for the Blind, Inc., No. 1:09-cv-01184-AWI-SKO, 2011
3 WL 1087117, at *2 (E.D. Cal. Mar. 24, 2011).  The Court finds that Defendant's failure to pay, on
4 balance with the factor of prejudice to Defendant, is not sufficient to warrant withdrawal.

5      The Court finds Movants failed to provide sufficient grounds to allow withdrawal from
6 representation in this matter in light of the potential prejudice to the Defendant.  Granting the
7 instant motion would leave Defendant in immediate contravention of Local Rule 183(a), whereby
8 "[a] corporation or other entity may appear only by an attorney."  See also D–Beam Ltd. P'ship v.
9 Roller Derby Skates, Inc., 366 F.3d 972, 973–74 (9th Cir. 2004) ("It is a long-standing rule that
10 corporations and other unincorporated associations must appear in court through an attorney")
11 (quotations and citation omitted).  Because "an unrepresented entity cannot file any pleadings,
12 make or oppose any motions, or present any evidence to contest liability," it is "subject to the
13 entry of default and default judgment."  Caveman Foods, LLC v. jAnn Payne's Caveman Foods,
14 LLC, No. CV 2:12-1112 WBS DAD, 2015 WL 6736801, at *2 (E.D. Cal. Nov. 4, 2015).  Without
15 representation, Defendant cannot even stipulate to final dismissal papers.  See CE Res., Inc. v.
16 Magellan Grp., LLC, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14,
17 2009); Mike Murphy's Enterprises, Inc. v. Fineline Indus., LLC, No. 116CV00784JLTSAB, 2024
18 WL 755801, at *2 (E.D. Cal. Feb. 23, 2024).

19      "It is the duty of the trial court to see that the client is protected, so far as possible, from
20 the consequences of an attorney's abandonment."  Magellan 2009 WL 3367489, at *2 (denying
21 motion to withdraw where corporation would be left unrepresented by counsel).  Even accepting
22 the proffer that Defendant consents to their withdrawal, Movants fail to provide any information
23 regarding when this communication took place; whether Movants assisted Defendant with
24 procuring substitute counsel; whether Movants informed Defendant of the consequences of the
25 proposed withdrawal, including the inability to represent itself *in propria persona*; or whether
26 Movants notified Defendant of its immediate need to retain substitute counsel.  Accordingly, the
27 instant motion fails to provide sufficient information to determine whether Movants have
28 complied with their professional duty to take reasonable steps to avoid reasonably foreseeable

1  prejudice to Defendant.  See Cal. R. Prof. Conduct 1.16(d).

2  Given the paucity of detail regarding good cause to withdraw or reasonable steps taken by Movants to avoid the risk of prejudice to Defendant, the Court shall deny the motion without prejudice.  Movants represent that the specific facts giving rise to the motion are confidential but offer to provide additional information *in camera* if necessary.  Should Movants file a renewed motion addressing the above deficiencies, they may submit information for *in camera* review or request to file such information under seal in accordance with Federal and Local Rules.

### B. Intra-District Transfer Under Local Rule 120

On August 17, 2023, the parties were advised that effective August 7, 2023, Local Rule 120 was amended.  See General Order No. 666.  Prior to amendment, Local Rule 120(d) provided that "[a]ll civil and criminal actions and proceedings of every nature and kind . . . arising in," among other counties, the counties of Calaveras, "shall be commenced in the United States District Court sitting in Fresno, California, and in Bakersfield, California, Yosemite National Park[,] or other designated places."  As now amended, Local Rule 120(d) provides that actions arising in Calaveras County shall now "be commenced in the United States Court sitting [in] Sacramento, California…."  (ECF No. 11 at 1.)

The parties were notified that absent consent to magistrate judge jurisdiction, the action – which arises out of Calaveras County—would be transferred out of the District Court in the Fresno division, and to the District Court in the Sacramento division.  (ECF No. 11 at 1-2.)   It appears one or both parties did not consent to magistrate judge jurisdiction.  Accordingly, pursuant to Local Rule 120(d), the Court directs the Clerk of Court to transfer this case to the Sacramento division for reassignment.

///
///
///
///
///
///

## IV.
## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing set for July 2, 2024 is VACATED;

2. Counsel Benjamin M. Gipson, Ryan M. Estes, and Elias Parisca's motion to withdraw as counsel of record for Defendant Vestra Labs, LLC (ECF No. 14) is **denied without prejudice**; and

3. Pursuant to Amended Local Rule 120, the Clerk of Court is DIRECTED to transfer this action to the Sacramento division for reassignment.

IT IS SO ORDERED.

Dated:   **June 10, 2024**

UNITED STATES MAGISTRATE JUDGE